David M. Goodrich
   dgoodrich@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>NICHOLAS ANDREW COLACHIS,<br><br>             Debtor. | Case No. 2:18-bk-18534-NB<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 FILED BY U.S. BANK TRUST, N.A.; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF DAVID M. GOODRICH AND JAN NEIMAN IN SUPPORT THEREOF**<br><br>DATE:   October 2, 2018<br>TIME:   10:00 a.m.<br>PLACE: Courtroom 1545<br>             255 E. Temple Street<br>             Los Angeles, California 90012 |

**TO THE HONORABLE NEIL BASON, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTOR AND HIS COUNSEL OF RECORD, IF ANY, MOVANT U.S. BANK TRUST, N.A., AND ALL PARTIES ENTITLED TO NOTICE:**

     David M. Goodrich, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Nicholas Andrew Colachis (the "Debtor"), files this Opposition (the "Opposition") to the Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (the "Motion") filed by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation

Trust (the "Movant").  In support of the Opposition, the Trustee submits the following memorandum of points and authorities and the Declaration of David M. Goodrich (the "Goodrich Declaration").

In accordance with Local Bankruptcy Rule 9013-1(g), any reply to this Opposition must be filed with the Court and served no later than seven (7) days prior to the hearing date.

### I. PERTINENT BACKGROUND FACTS

On July 25, 2018, the Debtor filed a voluntary petition for relief under Chapter 7.  *See* Docket No. 1.  On the same day, the Trustee was appointed as Chapter 7 trustee and he continues to act in that capacity.  *See* Docket No. 2.

On August 30, 2018, the Movant filed the Motion alleging it holds a lien against property located at 8896 Lookout Mountain Avenue, Los Angeles, CA 90046 ("Property").  *See* Motion, Pages 6 and 7.  The Motion seeks relief under 11 U.S.C. § 362(d)(1), (2) and (4).  See Docket No. 10.

The Trustee's proposed broker has value the Property at $3,000,000.  *See* Declaration of Jan Neiman.  According to the Debtor's Schedule D, approximately $2,135,000 in liens are claimed against the Property.

### II. ARGUMENT

#### A. The Burden of Proof

The Movant seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1), (2) and (4) and claims the case was filed in bad faith and it is not adequately protected.  While the party opposing stay relief has the ultimate burden of persuasion on all issues except the existence of equity, the moving party has the "initial burden of production or going forward with evidence to establish that a *prima facie* case for stay relief exists, before the respondent is obligated to come forward with its proof." *In re Kowalsky*, 235 B.R. 590, 594 (Bankr. E.D. Tex. 1999); *see also In re Plumberex Specialty Products, Inc.*, 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004).  The debtor need not offer any evidence of adequate protection until and unless the creditor establishes its *prima facie* case.  *See In*

*re Kim*, 71 B.R. 1011, 1015 (Bankr. C.D. Cal. 1987). If the moving party fails to establish a *prima facie* case, then the motion must be denied. *See id.* at 1016 ("[T]he motion must be denied if the moving creditor fails to make a prima facie case for relief from stay, and the burden of proof set forth in section 362(g) plays no role."); *see also Plumberex*, 311 B.R. at 557 ("If the movant fails to meet its initial burden to demonstrate cause, relief from the automatic stay should be denied."). To establish a *prima facie* case the creditor "must demonstrate a factual and legal right to the relief that it seeks." *See In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994); *see also Plumberex*, 311 B.R. at 557 n.11.

Other than the fact there have been multiple bankruptcy cases filed in connection with the Property, the Movant submits no other evidence of significance in support of the Motion. The Movant has not met its initial burden of proof and the Motion should be denied.

### B. Cause Does Not Exist Under 11 U.S.C. § 362(d)(1) as the Movant is Adequately Protected by the Equity Cushion in the Property

The Movant seeks relief from stay for "cause" under 11 U.S.C. § 362(d)(1). Section 362(d)(1) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in the property of such party in interest.

"Cause" is not statutorily defined, but is determined on a case-by-case basis. *See In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *see also In re Conejo Enterprises, Inc.*, 96 F.3d 346, 351 (9th Cir. 1996) ("The decision to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court...")

1    The term "adequate protection" is not defined in the Bankruptcy Code but it is well established that the existence of an appropriate equity cushion alone constitutes adequate protection. *See In re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984) ("[T]he existence of an equity cushion as a method of adequate protection . . . is the classic form of protection justifying the restraint of lien enforcement by a bankruptcy court. In fact, it has been held that the existence of an equity cushion, standing alone, can provide adequate protection."); *see also In re McCombs Properties VI, Ltd.*, 88 B.R. 261, 265 (Bankr. C.D. Cal. 1988) (An equity cushion in the underlying property satisfies the requirement for adequate protection). Courts have determined that a 10% equity cushion is sufficient to provide adequate protection. *See In re McGowan*, 6 B.R. 241, 243 (Bankr. E.D. Pa. 1980); *Mellor*, 734 F.2d at 1400 (citing cases finding an equity cushion between 10% and 20% sufficient); *In re Boulders on the River, Inc.*, 164 B.R. 99, 104 (9th Cir. B.A.P. 1994) ("[w]e find Pacific was adequately protected with a cushion of 11.45%").

According to the Trustee's broker's estimate of value, the Property has a fair market value of $3,000,000. The Debtor has disclosed secured debt of $2,135,000 in his Schedule D. Taking into consideration costs of sale estimated at 7% ($210,000), a sale of the Property by the Trustee will yield approximately $655,000 for the benefit of creditors of the Estate. More importantly, an equity cushion exists to protect the Movant's interest in the Property. The existence of a substantial equity cushion provides the Movant with adequate protection. Consequently, "lack of adequate protection" does not provide cause for granting the Motion under § 362(d)(1) of the Bankruptcy Code. The Movant has not met its burden of proof under § 362(d)(1).

Even if there was not a substantial equity cushion (which there, in fact, is), to establish cause under § 362(d)(1) for lack of adequate protection, the Movant must produce evidence that the value of its collateral, the Property, is *declining post-petition*. *See In re Weinstein*, 227 B.R. 284, 296 (9th Cir. B.A.P. 1998) ("Adequate protection is provided to safeguard the creditor against depreciation in the value of its collateral during the reorganization process."); *In re Deico Electronics, Inc.*, 139 B.R. 945, 947 (9th Cir.

B.A.P. 1992) ("The amount by which the collateral depreciates from that [post-petition] valuation is the amount of protection adequate to compensate the creditor for the loss occasioned by bankruptcy."); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 370 (1998) ("It is common ground that the 'interest in property' referred to by § 362(d)(1) includes the right of a secured creditor to have the security applied in payment of the debt upon completion of reorganization; and that that interest is not adequately protected if the security is depreciating during the term of the stay."); *In re Cambridge Woodbridge Apartments, LLC*, 292 B.R. 832, 841 (Bankr. N.D. Ohio 2003) (stating that, to prevail under § 362(d)(1), a creditor must establish, among other things, "a decline in the value of the collateral securing the debt . . .")

Here, there is no argument from the Movant that the Property is declining in value. With no evidence of a decline in value an equity cushion, the Movant has failed to meet its burden of proof that its interest is not adequately protected. There is no cause to grant relief under 11 U.S.C. § 362(d)(1).

### C. **The Property Has Significant Equity and Can be Liquidated for the Benefit of Creditors, Thus, Relief from the Automatic Stay Should Not be Granted under 11 U.S.C. § 362(d)(2)(A) or 11 U.S.C. § 362(d)(2)(B)**

Section 362(d)(2) provides that the court shall grant relief from the automatic stay, "if—(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. §§ 362(d)(2)(A) and (B).

As established above, there is equity in the Property of approximately $655,000 – after costs of sale are deducted. Accordingly, the Movant cannot meet its burden of proving that no equity in the Property exists and, therefore, Movant is not entitled to relief under § 362(d)(2) on this basis alone. *See* 3 COLLIER ON BANKRUPTCY ¶ 362.07[4] ("Both elements of the test must be met: there must be no equity and the property must be necessary for effective reorganization."). Because there is equity, the Trustee plans to market the Property for sale. If a sale can be consummated, the equity that will be

Case 2:18-bk-18534-NB    Doc 14    Filed 09/18/18    Entered 09/18/18 07:19:58    Desc
Main Document    Page 6 of 9

realized from the sale will pay the Movant and can be used for the benefit of other creditors.

### D. There is No Basis to Grant Relief from the Automatic Stay Under 11 U.S.C. § 362(d)(4)

Section 362(d)(4) of the Bankruptcy Code requires that the Movant establish "the filing of the petition was part of a scheme to delay, hinder or defraud creditors that involved either (1) the transfer of all or part ownership of or interest in the property without the consent of the secured creditor; or (2) multiple bankruptcy filings affecting the property."  11 U.S.C. § 362(d)(4).

Movant's argument under § 362(d)(4) is that relief should be granted because there have been prior cases filed by third parties that affected the Property.  The Trustee now has sole control over the Property and in the course of satisfying his fiduciary duties to all creditors under § 704, will liquidate the Property and pay Movant in full.  Thus, any concern over an alleged bad faith filing or any possible scheme of the Debtor has been eliminated and it should not be the basis for relief from the automatic stay under 11 U.S.C. §§ 362(d)(4).

### III. CONCLUSION

For the foregoing reasons, the Trustee respectfully request that the Court deny the Motion.

DATED:  September 17, 2018          /s/ David M. Goodrich
                                                       David M. Goodrich
                                                       Chapter 7 Trustee

## DECLARATION OF DAVID M. GOODRICH

I, David M. Goodrich, declare:

1. I am the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate ("Estate") of the debtor Nicholas Andrew Colachis ("Debtor").

2. I am an individual over the age of eighteen, and I am the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate of the Debtor.

3. Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

4. There is approximately $655,000 of equity in the Property[1] after payment of costs of sale.

5. I have contacted a real estate broker and I plan to market the Property for sale.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of September 2018, at Costa Mesa, California.

*/s/ David M. Goodrich*
David M. Goodrich
Chapter 7 Trustee

---

[1] Capitalized terms herein shall have the same meaning or definition as capitalized terms in the Motion.

1166449.1                                                                                                          MOTION

## DECLARATION OF JAN NEIMAN

I, Jan Neiman, declare as follows:

1. I am an individual over the age of eighteen, and I am a licensed real estate agent with Neiman Realty, Inc., a licensed real estate broker.

2. Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

3. Based upon my research and opinion of value, I believe the property located at 8896 Lookout Mountain Avenue, Los Angeles, CA 90046 is worth approximately $3,000,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17 day of September, 2018, at Van Nuys, California.

_____
Jan Neiman

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 600, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*) **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. 362 FILED BY U.S. BANK TRUST. N.A.; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID M. GOODRICH AND JAN NEIMAN IN SUPPORT THEREOF,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 18, 2018,  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David M Goodrich (TR)    dgoodrich@wgllp.com, c143@ecfcbis.com;dgoodrich11@ecf.epiqsystems.com;lrobles@wgllp.com
- Merdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:
On September 18, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
The Honorable Neil W. Bason
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1552
Los Angeles, CA 90012

**Debtor**
Nicolas Andrew Colachis
8896 Lookout Mountain
Los Angeles, CA  90046

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 4, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 18, 2018 | Lorraine L. Robles | */s/ Lorraine L. Robles* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |