United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, October 02, 2018                                              Hearing Room    1545

**10:00 AM**
**2:18-18534**     **Nicholas Andrew Colachis**                                               **Chapter 7**

   **#13.00**     Hrg re: Motion for relief from stay [RP]

                U.S. BANK TRUST, NA
                vs
                DEBTOR

                            Docket      10

**Tentative Ruling:**

    Grant in part and deny in part as set forth below. <u>Appearances required</u>.

    *Proposed order:* Movant is directed to lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this court's final ruling. *See* LBR 9021-1(b)(1)(B).

        (1) <u>Section 362(d)(1): no relief</u>. The movant ("US Bank") has not established sufficient cause for relief under 11 U.S.C. 362(d)(1), for the reasons stated by the Chapter 7 Trustee ("Trustee"). *See* dkt. 14.
        (2) <u>Section 362(d)(2): no relief</u>. US Bank apparently seeks relief under 11 U.S.C. 362(d)(2), notwithstanding Trustee's correct observation that not all of the appropriate boxes were checked on the form for seeking such relief. This Court finds and concludes that there was adequate notice that US Bank probably is seeking such relief. But in any event US Bank has not established that it is entitled to such relief.
        True, this is a liquidation case so there cannot be any reorganization, which is one of the two elements of section 362(d)(2). But the burden is on US Bank to prove the other element: that Debtor lacks any equity in the property. *See* 11 U.S.C. 362(g). US Bank has not established that element, so it has not shown that relief must be granted under section 362(d)(2).
        Moreover, Trustee has presented evidence that there is a substantial equity cushion. So even if US Bank had presented some evidence of a lack of equity (which it has not), Trustee has rebutted any such evidence. Therefore, relief is not appropriate under section 362(d)(2).
        (3) <u>Section 362(d)(4): limited relief</u>. The tentative ruling is that US Bank has established every element of section 362(d)(4): it is a creditor with a

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, October 02, 2018**  **Hearing Room   1545**

**10:00 AM**
**CONT...**    **Nicholas Andrew Colachis**    **Chapter 7**

claim secured by real property; the filing of the debtor's bankruptcy petition was the latest in a very long line of bankruptcy cases that were not prosecuted and therefore appear on their face to have had the purpose to hinder, delay, or defraud creditors in enforcing their rights and remedies; and that scheme involved an unauthorized transfer of the subject real property, and alternatively the scheme involved multiple bankruptcy cases. Therefore, under the plain meaning of the statute, this Court must grant relief (in some fashion) from the automatic stay.

The debtor's opposition argues that he was defrauded by the "foreclosure prevention" agents to whom he went for help (the "Agents"). This Court takes judicial notice that this is not an uncommon situation, and it is very unfortunate. *See In re Vazquez,* 580 B.R. 526 (Bankr. C.D. Cal. 2017) (Bason, J.). But, first, the debtor's argument does not take away from the fact that the movant was harmed by the type of scheme set forth in section 362(d)(4) and therefore the plain meaning of the statute is that this Court "shall" grant some form of relief (the type of relief is addressed below).

Alternatively, whatever harm the debtor's own Agents caused to him, he has not shown why it would be appropriate to shift that harm to US Bank. To the contrary, assuming without deciding that the debtor was entirely innocent of any participation in the scheme, he chose the Agents, and vested them with apparent authority, which they used to delay the foreclosure sale through dozens of bankruptcy filings. Therefore, assuming for purposes of discussion that the debtor was entirely ignorant of what his Agents were doing, he must bear the consequences of their acts rather than shifting those consequences to US Bank. *Vazquez,* 580 B.R. 526.

(4) <u>Appropriate form of relief</u>

"Relief" from the automatic stay can take many forms: it is not limited to termination of the stay. In this case, the tentative ruling is that the appropriate relief is to issue an order providing (a) that no <u>future</u> bankruptcy case will have any effect on the subject property for a period of two years, as set forth in more detail in section 362(d)(4), and meanwhile (b) that in this <u>current</u> bankruptcy case the automatic stay should remain in place because US Bank is adequately protected by the equity cushion in the property and by Trustee's plans to market and sell the property.

In addition, the tentative ruling is that to the extent, if any, that the motion seeks to terminate the automatic stay in <u>past</u> bankruptcy cases, or cases other than this one that are <u>currently</u> pending, such relief is denied on

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, October 02, 2018**  **Hearing Room  1545**

**10:00 AM**
**CONT...**   **Nicholas Andrew Colachis**  **Chapter 7**

the present record.  But such denial is without prejudice to seeking such relief if the necessary procedures are followed.  See *In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311).

   Finally, the tentative ruling is to grant the request to waive the 14-day stay provided by FRBP 4001(a)(3).

If appearances are <u>not</u> required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings."  If appearances <u>are</u> required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

### Party Information

**Debtor(s):**

   Nicholas Andrew Colachis                    Pro Se

**Movant(s):**

   U.S. Bank Trust, N.A., as Trustee            Represented By
                                                Merdaud Jafarnia

**Trustee(s):**

   David M Goodrich (TR)                        Pro Se