PLEASE COMPLETE THIS INFORMATION.

RECORDING REQUESTED BY:

JaVONNE M. PHILLIPS, SBN187474
KELLY M. RAFTERY, SBN 249195

AND WHEN RECORDED MAIL TO:

McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101

10/12/2018



*20181043745*

COPY of Document Recorded

Has not been compared with original.
Originals will be returned when processing has been completed.
LOS ANGELES COUNTY REGISTRAR-RECORDER

*THIS SPACE FOR RECORDER'S USE ONLY*

# ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY

(Please fill in document title(s) on this line)

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

9/95
Rec.Form #R25

# UNITED STATES BANKRUPTCY COURT
## Central District of California

I hereby attest and certify that on October 12, 2018 the attached reproduction(s), containing 9 pages, is a full, true and correct copy of the complete document entitled: **Amended Order Granting Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362 (Real Property)**.

Case #: 2:18-bk-18534-NB    Doc #: 23

which includes: ☐ Exhibits  ☐ Attachments

on file in my office and in my legal custody at the marked location:

☒ 255 E. Temple Street, Suite 100  
Los Angeles, CA 90012

☐ 3420 Twelfth Street, Suite 125  
Riverside, CA 92501-3819

☐ 411 West 4th Street, Suite 2074  
Santa Ana, CA 92701-4593

☐ 1415 State Street  
Santa Barbara, CA 93101-2511

☐ 21041 Burbank Boulevard  
Woodland Hills, CA 91367

**KATHLEEN J. CAMPBELL**  
Clerk of Court

By: /s/ K. Celle  
Deputy Clerk

**THIS CERTIFICATION IS VALID ONLY WITH THE UNITED STATES BANKRUPTCY COURT SEAL.**

Revised August 2010

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>JaVonne M. Phillips, Esq. SBN 187474<br>Merdaud Jafarnia, Esq. SBN 217262<br>**McCarthy & Holthus, LLP**<br>1770 Fourth Avenue<br>San Diego, CA 92101<br>Phone (877) 369-6122<br>Fax (619) 685-4811<br>bknotice@mccarthyholthus.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>OCT 10 2018<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY sumlin   DEPUTY CLERK<br><br>**CHANGES MADE BY COURT** |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION** ||
| In re:<br><br>Nicholas Andrew Colachis dba Nickco Development,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-18534-NB<br>CHAPTER: 7<br><br>**AMENDED ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: 10/2/2018<br>TIME: 10:00 AM<br>COURTROOM: 1545<br>PLACE: 255 E. Temple Street, Los Angeles CA |
| **Movant:** U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ||

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address:*     8896 Lookout Mountain Avenue
   *Unit/suite number:*
   *City, state, zip code:*  Los Angeles, CA 90046

   Legal description or document recording number (including county of recording): 20071642482, Los Angeles County, California

   ☒ See attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 1                              F 4001-1.RFS.RP.ORDER

3. The Motion is granted under:
   a. ☐ 11 U.S.C. § 362(d)(1)
   b. ☐ 11 U.S.C. § 362(d)(2)
   c. ☐ 11 U.S.C. § 362(d)(3)
   d. ☒ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:
      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or
      (2) ☒ Multiple bankruptcy cases affecting the Property.
      (3) ☒ The court  ☐ makes  ☒ does not make  ☐ cannot make
          a finding that the Debtor was involved in this scheme.
      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☒ Modified or conditioned as set forth in <u>Exhibit 1</u> to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 2    F 4001-1.RFS.RP.ORDER

June 2014

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

\\

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 3    F 4001-1.RFS.RP.ORDER

18. ☒ Other (specify): ~~Court orally modified the tentative ruling on record to reflect the following: the debtor stated in his response that he did not go to Pacifica Group for help and did not seek their assistance, but the Court finds the evidence submitted by the Movant persuasive that the group assisted to delay and hinder the foreclosure process.~~ For the reasons stated in the tentative ruling, as modified and augmented on the record at the hearing:
    (1) This Court finds and concludes that there is cause for "in rem" relief under 11 U.S.C. 362(d)(4) and *Vazquez* based on the debtor's own multiple bankruptcy cases that served to hinder, delay, or defraud the movant.
    (2) Alternatively, this Court finds and concludes that there is cause for such relief based on the 23 or so bankruptcies by other persons that implicated D's property.

    The tentative ruling is amended to clarify that the debtor's opposition (dkt.15) did not expressly state that he was defrauded by "foreclosure prevention" agents "to whom he went for help." The debtor clarified at oral argument that this is not what he is alleging in his opposition. Nevertheless, this Court finds that this is what happened. Specifically, this Court is not finding that the debtor went to the specific persons listed in the exhibits to the motion (dkt.10) for help; but the court is finding that, based on the documents presented, the debtor went to persons who are not identified for help in preventing the foreclosure, and those persons collectively caused the fax attached as an exhibit to the motion to be sent, and caused the other roughly 23 bankruptcy cases that interfered with the foreclosure process. The debtor's current bankruptcy petition is part of that "scheme" within the meaning of section 362(d)(4), and this is an alternative reason why the movant has established cause for *in rem* relief.

19. ☒ Other (specify): See Attached Tentative Ruling

###

Date: October 10, 2018

*Neil W. Bason*
Neil W. Bason
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                               Page 4                               F 4001-1.RFS.RP.ORDER

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

Tuesday, October 02, 2018      Hearing Room   1545

10:00 AM
**2:18-18534**      **Nicholas Andrew Colachis**      **Chapter 7**

    #13.00    Hrg re: Motion for relief from stay [RP]

            U.S. BANK TRUST, NA
            vs
            DEBTOR

                         Docket     10

**Tentative Ruling:**

    Grant in part and deny in part as set forth below. <u>Appearances required</u>.

    *Proposed order:* Movant is directed to lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this court's final ruling. *See* LBR 9021-1(b)(1)(B).

       (1) <u>Section 362(d)(1): no relief</u>. The movant ("US Bank") has not established sufficient cause for relief under 11 U.S.C. 362(d)(1), for the reasons stated by the Chapter 7 Trustee ("Trustee"). *See* dkt. 14.

       (2) <u>Section 362(d)(2): no relief</u>. US Bank apparently seeks relief under 11 U.S.C. 362(d)(2), notwithstanding Trustee's correct observation that not all of the appropriate boxes were checked on the form for seeking such relief. This Court finds and concludes that there was adequate notice that US Bank probably is seeking such relief. But in any event US Bank has not established that it is entitled to such relief.

       True, this is a liquidation case so there cannot be any reorganization, which is one of the two elements of section 362(d)(2). But the burden is on US Bank to prove the other element: that Debtor lacks any equity in the property. *See* 11 U.S.C. 362(g). US Bank has not established that element, so it has not shown that relief must be granted under section 362(d)(2).

       Moreover, Trustee has presented evidence that there is a substantial equity cushion. So even if US Bank had presented some evidence of a lack of equity (which it has not), Trustee has rebutted any such evidence. Therefore, relief is not appropriate under section 362(d)(2).

       (3) <u>Section 362(d)(4): limited relief</u>. The tentative ruling is that US Bank has established every element of section 362(d)(4): it is a creditor with a

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

Tuesday, October 02, 2018                                                                 Hearing Room    1545

10:00 AM
**CONT...**    **Nicholas Andrew Colachis**                                                                 Chapter 7

claim secured by real property; the filing of the debtor's bankruptcy petition was the latest in a very long line of bankruptcy cases that were not prosecuted and therefore appear on their face to have had the purpose to hinder, delay, or defraud creditors in enforcing their rights and remedies; and that scheme involved an unauthorized transfer of the subject real property, and alternatively the scheme involved multiple bankruptcy cases. Therefore, under the plain meaning of the statute, this Court must grant relief (in some fashion) from the automatic stay.

The debtor's opposition argues that he was defrauded by the "foreclosure prevention" agents to whom he went for help (the "Agents"). This Court takes judicial notice that this is not an uncommon situation, and it is very unfortunate. *See In re Vazquez*, 580 B.R. 526 (Bankr. C.D. Cal. 2017) (Bason, J.). But, first, the debtor's argument does not take away from the fact that the movant was harmed by the type of scheme set forth in section 362(d)(4) and therefore the plain meaning of the statute is that this Court "shall" grant some form of relief (the type of relief is addressed below).

Alternatively, whatever harm the debtor's own Agents caused to him, he has not shown why it would be appropriate to shift that harm to US Bank. To the contrary, assuming without deciding that the debtor was entirely innocent of any participation in the scheme, he chose the Agents, and vested them with apparent authority, which they used to delay the foreclosure sale through dozens of bankruptcy filings. Therefore, assuming for purposes of discussion that the debtor was entirely ignorant of what his Agents were doing, he must bear the consequences of their acts rather than shifting those consequences to US Bank. *Vazquez*, 580 B.R. 526.

(4) Appropriate form of relief

"Relief" from the automatic stay can take many forms: it is not limited to termination of the stay. In this case, the tentative ruling is that the appropriate relief is to issue an order providing (a) that no future bankruptcy case will have any effect on the subject property for a period of two years, as set forth in more detail in section 362(d)(4), and meanwhile (b) that in this current bankruptcy case the automatic stay should remain in place because US Bank is adequately protected by the equity cushion in the property and by Trustee's plans to market and sell the property.

In addition, the tentative ruling is that to the extent, if any, that the motion seeks to terminate the automatic stay in past bankruptcy cases, or cases other than this one that are currently pending, such relief is denied on

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

Tuesday, October 02, 2018                                                                                       Hearing Room   1545

10:00 AM
**CONT...**     **Nicholas Andrew Colachis**                                                                        Chapter 7

the present record. But such denial is without prejudice to seeking such relief if the necessary procedures are followed. *See In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311).

Finally, the tentative ruling is to grant the request to waive the 14-day stay provided by FRBP 4001(a)(3).

If appearances are not required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings." If appearances are required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

**Party Information**

**Debtor(s):**

Nicholas Andrew Colachis                        Pro Se

**Movant(s):**

U.S. Bank Trust, N.A., as Trustee               Represented By
                                                Merdaud Jafarnia

**Trustee(s):**

David M Goodrich (TR)                           Pro Se

18. ☒ Other (specify): ~~Court orally modified the tentative ruling on record to reflect the following: the debtor stated in his response that he did not go to Pacifica Group for help and did not seek their assistance, but the Court finds that the evidence submitted by the Movant persuasive that the group assisted to delay and hinder the foreclosure process.~~ For the reasons state in the tentative ruling, as modified and augmented on the record at the hearing:
    (1) This Court finds and concludes that there is cause for "in rem" relief under 11 U.S.C. 362(d)(4) and *Vazquez* based on the debtor's own multiple bankruptcy cases that served to hinder, delay, or defraud the movant.
    (2) Alternatively, this Court finds and concludes that there is cause for such relief based on the 23 or so bankruptcies by other persons that implicated D's property.
The tentative ruling is amended to clarify that the debtor's opposition (dkt.15) did not expressly state that he was defrauded by "foreclosure prevention" agents "to whom he went for help." The debtor clarified at oral argument that this is not what he is alleging in his opposition. Nevertheless, this Court finds that this is what happened. Specifically, this Court is not finding that the debtor necessarily went to the specific persons listed in the exhibits to the motion (dkt.10) for help; but the court is finding that, based on the documents presented, the debtor went to persons who are not specifically identified for help in preventing the foreclosure, and those persons collectively caused the fax attached as an exhibit to the motion to be sent, and caused the other roughly 23 bankruptcy cases that interfered with the foreclosure process. The debtor's current bankruptcy petition is part of that "scheme" within the meaning of section 362(d)(4), and this is an alternative reason why the movant has established cause for *in rem* relief.

19. ☒ Other (specify): See Attached Tentative Ruling, as modified above.

This written order memorializes this Court's oral rulings at the hearing referenced in the caption above. This order is effective as of the date of that hearing.

###

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 4    F 4001-1.RFS.RP.ORDER

## Legal Description

Lot 322, Lookout Mountain Park Tract, in the City of Los Angeles, as per map recorded in Book 14, pages 146 and 147 of maps, in the office of the County Recorder of said County.

Excepting Therefrom all oil, gas, minerals and other hydrocarbon substances below a depth of 500 feet, without rights of surface entry, as reserved in instruments of Record.

Assessor's Parcel No: 5563-026-019

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 5                                    F 4001-1.RFS.RP.ORDER