FILED & ENTERED

NOV 09 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.:    2:18-bk-18534-NB |
| Nicholas Andrew Colachis, | Chapter:    7 |
| | **ORDER OVERRULING OBJECTION TO ORDER GRANTING RELIEF FROM AUTOMATIC STAY** |
| Debtor(s) | |

Debtor objects (dkt. 40) to the order of this Court (dkt. 23) finding that the filing of this bankruptcy case was part of a "scheme" to "hinder, delay, or defraud" his creditors within the meaning of 11 U.S.C. § 362(d)(4).  That objection is treated as a motion for reconsideration under Rule 9023 (Fed. R. Bankr. P.) (or, alternatively, under Rule 9024).  That objection is overruled (or, viewed as a motion, it is denied) for the following reasons.

Debtor did not follow the procedures for a motion for reconsideration.  He did not notify chambers of his objection.

Alternatively, Debtor has not met the standards to reconsider issues that should have been presented at the hearing.  Debtor argues that at the hearing he did not have

in front of him an exhibit to the motion for relief from the automatic stay.  Debtor's choice not to bring the relevant documents to court is not a basis for reconsideration.

Alternatively, Debtor's objection is unpersuasive on the merits. Debtor argues that the document he did not have in front of him - a facsimile communication telling the creditor to stop the foreclosure sale due to a bankruptcy filing - relates to a different bankruptcy filing by a different debtor.  That is the point.  The "hijacking" scheme that this Court carefully explained to Debtor at the hearing is that a debtor, or someone acting on the debtor's behalf, purports to transfer an interest in the subject property to a person who is or becomes a debtor in bankruptcy, thereby implicating the automatic stay and stopping the foreclosure sale.  *See In re Vazquez,* 580 B.R. 526  (Bankr. C.D. Cal. 2017).

Debtor argues that the facsimile was for a different property.  Debtor is being misleading.  The other debtor's mailing/home address is different from Debtor's address; but the facsimile alleges that that other debtor has been granted a fractional interest in Debtor's property.  Again, that is the whole point of the scheme: to make it appear that a different debtor - who invariably lives at a different location - has an interest in Debtor's property.

This Court notes that at the hearing Debtor appeared to insist that he did not seek any foreclosure prevention assistance at all, so he purportedly had no connection to the roughly twenty-three bankruptcies that have interfered with the creditor's attempts to exercise its remedies.  Debtor alleged that some third parties somehow decided to intervene repeatedly in his particular foreclosure for their own personal gain of some sort.  That frivolous argument, combined with the above-described misleading statements in Debtor's latest objection (dkt. 40), call into serious question whether this Court should reconsider its refusal to find that Debtor was a knowing participant in the scheme to hinder, delay, or defraud his creditors.  If asked, this Court may reconsider that aspect of the order (dkt. 23).

1 | Meanwhile, for the foregoing reasons, it is hereby ORDERED that Debtor's
2 | objection (dkt. 40) is OVERRULED.

###

Date: November 9, 2018

Neil W. Bason
United States Bankruptcy Judge